## COMMONWEALTH vs. CATHERINE LEIGHTON.

If one who has been convicted before a magistrate of a criminal offence is, on his appeal, required to enter into a recognizance which is illegal, this does not deprive the superior court of jurisdiction of the case, if the defendant is personally brought into court.

On the trial of an indictment for being a common seller of intoxicating liquors, from one day named to another, a witness who has testified that he was at the defendant's house at a time which appears to have been within the period covered by the indictment may be asked if he then purchased any intoxicating liquors of the defendant. So evidence is competent to prove that at a time when a witness purchased intoxicating liquor in the defendant's kitchen, men were there drinking intoxicating liquor, as tending to prove that the kitchen was a place of common resort.

COMPLAINT for being a common seller of intoxicating liquors, from November 13th 1862 to January 14th 1863. The defendant was originally convicted before a magistrate, and on appeal was required to enter into a recognizance, not only to prosecute her appeal with effect, but not to violate any law of the Commonwealth against the sale of intoxicating liquors for one year. When the defendant was called in the superior court, she did not appear, and her counsel suggested that the court had not jurisdiction of the case, by reason of the illegality of the recognizance, which was sent up with the other papers; but the judge ordered her to be defaulted, and she was afterwards brought in on a capias, when the same objection was renewed, and overruled.

At the trial, before *Vose*, J., one Hayes was called as a witness for the government, and testified that "he had been in the house of the defendant sometime before Christmas, a month or so, but could not tell if in December, or how many weeks before December 25th." The district attorney then asked him whether at the time he was in there he bought or drank any liquor, and the witness testified, under objection, that he did buy liquor. On further examination, the witness was uncertain whether the time when he was there was before or after November 13th 1862. The judge thereupon instructed the jury that they must be satisfied that the defendant was guilty within some part of the time charged in the complaint, and gave certain other instructions

to which no special exception was taken. The bill of exceptions further recited " that the government proved seven different sales of liquors by the defendant, in the kitchen of her dwelling-house." It appeared that, when the liquor was called for, the defendant went into the cellar and brought it up, there being no liquors in the kitchen. The witnesses testified that when they were in the kitchen other men were there drinking some kind of liquor, but the witnesses did not know whether or not it was paid for. The defendant asked the court to rule that this was not to be regarded as evidence of sales; but the judge declined so to rule, and instructed the jury that this evidence was not to be regarded as *prima facie* evidence of sales, unless they were satisfied that the defendant's kitchen was a place of common resort.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*W. S. Gardner*, for the defendant.

*Foster*, A. G., for the Commonwealth.

DEWEY, J. 1. The superior court acquired jurisdiction of this case by force and effect of the appeal claimed by the defendant from the judgment rendered by the trial justice. This appeal the defendant had a right to take, and, having complied with the order of the court as to giving a recognizance, the appeal was valid, although the recognizance, in the precise form in which it was taken, might be objectionable and void, as requiring more than the law authorized. This may furnish a good defence to an action on the recognizance, but cannot avail the defendant to defeat the effect of her appeal, since she was personally brought before the appellate court. See *McCabe* v *Dowd, ante*, 477.

2. The objection to the admission of the evidence of Hayes does not present the case of a witness who directly testified to facts as having occurred before the time stated in the indictment as the period within which the alleged offence was committed, and which might therefore properly be excluded from the consideration of the jury. On the contrary, the first statement of the witness was that " he had been in the house of the

defendant sometime before Christmas, a month or so, but could not tell if in December, or how many weeks before December 25th." It was in this state of the evidence that the question was allowed to be put to the witness whether he had bought or drank any liquor there, and this was all of his testimony tending to show any sales. This evidence may have been very weak and unsatisfactory, but it was not incompetent. The subsequent statements of the witness, rendering it more doubtful as to the time when he was at the house, were calculated to disparage his testimony, by reason of such uncertainty as to the time, but no further questions as to its competency were raised. But the instructions of the court to the jury excluded this and all other evidence of sales from their consideration, unless they found that the same had taken place within the time stated in the indictment. The jury were fully and precisely instructed on this subject. Upon this bill of exceptions, it is difficult to see that the admission of the evidence of Hayes was material, or that it furnishes a ground for setting aside the verdict, inasmuch as the bill of exceptions states that the government proved seven different sales of liquors by the defendant at this place. We must understand that those sales were within the time stated in the indictment, as no objection is taken to the competency of the evidence as to them. These seven sales fully sustain the indictment.

3. The evidence coming from those who had testified as to sales in the defendant's kitchen, that they saw other persons drinking liquor there, but did not know whether they purchased it or not, so far as it tended to show that it was a place of public and common resort for obtaining liquors, was proper and justified by Gen. Sts. *c.* 86, § 33.

*Exceptions overruled.*